IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3037-FL

| | |
|---|---|
| ERIC M. MCMILLIAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA CENTRAL ) | |
| PRISON; J.D. CHURCH; AND ) | |
| LIEUTENANT PANTER, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on the motion to stay (DE # 27) issuance of further scheduling order, filed by defendants J.D. Church and Lieutenant Joshua C. Panter (collectively "defendants"). The matter is ripe for adjudication.

On June 6, 2011, defendants filed a motion for judgment on the pleadings and a motion for partial summary judgment, which have been fully briefed. On June 10, 2011, the court issued an initial order regarding planning and scheduling. The court's initial order set a discovery deadline of October 25, 2011, and a dispositive motion deadline of November 25, 2011.[1] The parties were given until July 1, 2011, to object to the terms of the initial order and informed that if they did not file a timely objection, the court would issue an order setting the schedule as set forth in the initial order. Defendants subsequently timely objected to the issuance of the court's initial order and requested a stay of the issuance of the case management order until after the court rules upon

---

[1] The court's order also set an August 25, 2011, deadline for any motion for leave to join additional parties or to otherwise amend the pleadings, which date has passed.

defendants' pending dispositive motions.

As part of their motion, defendants request a stay of discovery. "Rule 26(c) of the Federal Rules of Civil Procedure authorizes the court to issue orders establishing an array of limitations on discovery." Yongo v. Nationwide Affinity Ins. Co. of America, No. 5:07-CV-94, 2008 WL 516744, *2 (E.D.N.C. Feb. 25, 2008). The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004). Factors the court looks to in determining whether to issue a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery issue to the dispositive motion. Yongo, 2008 WL 516744, *2 (citing Tilley, 270 F. Supp.2d at 735; Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

In examining those factors as applied to this case, the court determines that a stay of discovery is warranted. The pending motions for judgment on the pleadings and motion for partial summary judgment, which are fully briefed, will be fully dispositive if they find favor with the court. Defendants further demonstrate strong support for their motions, raising significant issues, including the failure to exhaust administrative remedies, for the court's consideration. Further, defendants raise the affirmative defense of qualified immunity, and generally are entitled to a resolution of this defense before being subject to the burdens of litigation, including discovery. See e.g., Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005). Finally, plaintiff does not oppose defendants' request for a stay of discovery.

Based upon the foregoing, the court finds that a stay of discovery is warranted. Accordingly, defendants' motion to stay issuance of further scheduling order (DE # 27) is GRANTED.

SO ORDERED, this the 22nd day of September, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge