IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3037-FL

| ERIC M. MCMILLIAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NORTH CAROLINA CENTRAL PRISON; J.D. CHURCH; and LIEUTENANT PANTER, | ) | |
| Defendants. | ) | |

The matter comes before the court on plaintiff's motion to amend his complaint (DE # 14) and motion for discovery (DE # 32), to which defendants did not respond. Also before the court is the motion for judgment on the pleadings (DE # 18) pursuant to Federal Rule of Civil Procedure 12(c) and motion for partial summary judgment (DE # 20) pursuant to Rule 56(a) filed by defendants J.D. Church ("Church") and Lieutenant Panter ("Panter"). Plaintiff responded to defendants' motion for partial summary judgment, but did not respond to defendants' motion for judgment on the pleadings. In this posture, the matters are ripe for adjudication. For the following reasons, defendants' motions are granted. However, Officer Morrison and the dietician at Central Prison are added as parties to this action.

## STATEMENT OF THE CASE

On March 25, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983, against Central Prison. He subsequently requested leave to amend his complaint. On October 13, 2010, the court

allowed plaintiff to amend his complaint and conducted a frivolity review of plaintiff's pleadings. The court dismissed as frivolous plaintiff's claim against Central Prison and directed plaintiff to particularize his complaint.

Plaintiff complied with the court's order to particularize his complaint. Plaintiff's amended pleading alleged that on August 31, 2009, Church and Panter violated his rights pursuant to the Eighth Amendment to the United States Constitution when they deprived him of a breakfast tray and used excessive force against him when he complained. Plaintiff additionally alleged defendants violated his rights pursuant to the Eighth Amendment when they provided him with meals that lacked protein and contained insufficient portions. The court subsequently conducted a frivolity review of plaintiff's amended pleading and allowed him to proceed with his action.

On March 4, 2011, plaintiff filed a motion to amend his complaint to name Sergeant Jasper ("Jasper") and Officer Henderson ("Henderson") as defendants in this action. Church and Panter subsequently filed a motion for judgment on the pleadings and motion for partial summary judgment. In their motion for judgment on the pleadings, defendants argue that plaintiff's claim regarding the alleged deprivation of protein sources and insufficient portions fails to state a claim against them pursuant to §1983. Defendants' motion for partial summary judgment argues that plaintiff's remaining claims should be dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff responded to defendants' motion for partial summary judgment, but did not respond to their motion for judgment on the pleadings. Plaintiff then filed a motion to compel discovery.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following

allegations. On August 31, 2009, plaintiff arrived at the mental health unit at Central Prison and was placed in a holding cell. Upon his arrival, defendants refused to provide him with a breakfast meal and ridiculed him regarding his missing meal. When plaintiff complained about his missing meal and threatened a lawsuit, defendants issued a use of force call and he was beaten. After the assault, plaintiff was placed on a gurney for transportation to the medical unit, while Panter continued to twist his foot.

Following the incident on August 31, 2009, defendants fabricated a story that plaintiff provoked the use of force by spitting and kicking them. Plaintiff then was placed in segregation for his alleged involvement in this incident. Plaintiff additionally alleges he was denied proper portions and protein sources while in segregation. As a result, plaintiff suffered a significant weight loss.

## DISCUSSION

A.  Motion to Amend

Plaintiff moved to amend his complaint to name Jasper and Henderson as a defendants in this action. The court allows plaintiff's motion to amend his complaint. See Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

B.  Motion for Judgment on the Pleadings

1.  Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed.R.Civ.P 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, in evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

    2.    Analysis

Defendants assert plaintiff failed to plead sufficient facts to reasonably infer that Church and Panter are liable for depriving plaintiff of protein sources or appropriate portion sizes during plaintiff's confinement in administrative segregation. Plaintiff's allegations regarding this claim are as follows:

> As records will reflect, McMillian filed numerous grievances against the facility regarding lack of protein sources and improper portion served by supervised inmate kitchen staff that lead to hi[s] starvation while in solitary confinement. The attachments show the tremendous weight loss suffered by plaintiff while he was in segregation where recreation is only allotted in full leg and arm restraints where such weight loss cannot be contributed to excess, regular or even moderate exercise.

Am. Compl. (DE # 6), p. 2.

4

Case 5:10-ct-03037-FL   Document 34   Filed 01/04/12   Page 4 of 8

These allegations do not state that Church or Panter were involved in the alleged inadequate meals while plaintiff was in administrative segregation. Rather, plaintiff's allegations against these defendants are limited to the events of August 31, 2009. Plaintiff does not dispute defendants' argument. Accordingly, without providing specific factual allegations to support his claim, plaintiff has not met the pleading requirements set forth in Twombly and Iqbal. See Twombly, 550 U.S. at 570; Iqbal, 129 S.Ct. at 1949. Thus, defendants' motion for judgment on the pleading is GRANTED.

D. Motion for Partial Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Church and Panter assert plaintiff's remaining claims, arising out of the August 31, 2009, incident, should be dismissed because plaintiff failed to exhaust his administrative remedies before filing the action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires

a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

In response to the partial motion for summary judgment, plaintiff alleges that he unsuccessfully attempted to exhaust his administrative remedies prior to filing this action. The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure ("ARP") which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Plaintiff attempted to complete the first step by filing a grievance (No. 3100-10-0406) regarding the August 31, 2009, denial of his food tray and the alleged use of excessive force. See DE # 24, attach p. 24. However, this grievance was returned to plaintiff unprocessed. Id. Prison officials informed plaintiff that the grievance could not be accepted until previously filed grievances completed step two of the grievance procedure. Id.

The Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548

6

U.S. at 84. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90. As stated, plaintiff's grievance regarding the events of August 31, 2009, was returned to him unprocessed for failure to comply with the appropriate grievance procedures. There is no evidence plaintiff attempted to properly file his grievance subsequent to its return. Therefore, plaintiff did not properly exhaust his administrative remedies for his remaining claims and his claims against Church and Panter are DISMISSED without prejudice. See Williams v. Central Prison, No. 5:08-CT-3012-FL, 2010 WL 3672252, *4 (E.D.N.C. Sept. 20, 2010). Additionally, because plaintiff's claims against newly added defendants Jasper and Henderson arise out of the events of August 31, 2009, and because it is clear that plaintiff failed to exhaust his claims regarding these claims, plaintiff's claim against Jasper and Henderson also are DISMISSED without prejudice for failure to exhaust administrative remedies.

C.  Motion to Compel

Plaintiff requests that the court order defendants to respond to his discovery requests. A motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed.R.Civ.P. 37(a)(1). Additionally, the local rules of this district mandate that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rules 7.1(c). Here, plaintiff has not satisfied these rules. Accordingly, his motion is DENIED.

In addition to his discovery requests, plaintiff's motion to compel provides additional facts regarding his inadequate meal claims. In particular, plaintiff alleges that the parties responsible for the insufficient protein and portions are Officer Morrison and the dietician at Central Prison. The

7

Case 5:10-ct-03037-FL   Document 34   Filed 01/04/12   Page 7 of 8

court finds that the interests of justice require that these parties be added to this action. Thus, the Clerk of Court is DIRECTED to issue summons for Officer Morrison and the dietician at Central Prison.

Finally, the court notes that both plaintiff's motion to compel and response to the partial motion for summary judgment allege new claims. However, plaintiff has not moved to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to include these claims in this action. Thus, the court will not consider these claims as part of this action.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (DE # 14) is GRANTED. Defendants' motion for judgment on the pleadings (DE # 18) and for partial summary judgment (DE # 20) also are GRANTED. Plaintiff's claims against Church, Panter, Jasper, and Henderson are DISMISSED without prejudice. However, plaintiff's motion to compel (DE # 32) is DENIED. Morrison and the dietician at Central Prison are added as parties to this action. The Clerk of Court is DIRECTED to issue summons for these parties.

SO ORDERED, this the 3rd day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge

8