IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3037-FL

| | |
|---|---|
| ERIC M. MCMILLIAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA CENTRAL ) | |
| PRISON; J.D. CHURCH; LIEUTENANT ) | |
| PANTER; SERGEANT JASPER; ) | |
| OFFICER HENDERSON; OFFICER ) | |
| MORRISON; AND THE DIETICIAN ) | |
| AT CENTRAL PRISON, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) of the Dietician at Central Prison (DE # 38), to which plaintiff responded. Also before the court is plaintiff's "Motion to Redirect to an Amended File" (DE # 44), to which defendants did not respond. Finally, the matter is before the court on plaintiff's failure to obtain service on Officer Morrison ("Morrison"). In this posture, the matters are ripe for adjudication. For the following reasons, the court denies without prejudice the Dietician at Central Prison's motion to dismiss, directs defendants J.D. Church ("Church"), Lieutenant Panter ("Panter"), Sergeant Jasper ("Jasper"), and Officer Henderson ("Henderson") to respond to plaintiff's motion, and dismisses without prejudice plaintiff's claim against Morrison.

## STATEMENT OF THE CASE

On March 25, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983, against Central Prison, and subsequently amended his complaint. The court conducted a frivolity review of plaintiff's pleadings, dismissed as frivolous plaintiff's claim against Central Prison, and directed plaintiff to particularize his complaint.

In his particularized complaint, plaintiff alleged that on August 31, 2009, Church and Panter violated his rights pursuant to the Eighth Amendment to the United States Constitution when they deprived him of a breakfast tray and used excessive force against him when he complained. Plaintiff additionally alleged Panter and Church violated his rights pursuant to the Eighth Amendment when they provided him with meals that lacked protein and contained insufficient portions. The court subsequently allowed plaintiff to proceed with this action.

On March 4, 2011, plaintiff filed a motion to amend his complaint to name Jasper and Henderson as defendants in this action. Church and Panter subsequently filed a motion for judgment on the pleadings arguing that plaintiff's claim regarding the alleged deprivation of protein sources and insufficient portions fails to state a claim against them pursuant to §1983. Church and Panter also filed a motion for partial summary judgment arguing that plaintiff's remaining claims should be dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff responded to the motion for partial summary judgment, but did not respond to the motion for judgment on the pleadings.

On January 4, 2012, the court entered an order granting plaintiff's motion to amend to add Henderson and Jasper as defendants in this action. The court also granted the motion for judgment on the pleadings and the motion for partial summary judgment filed by Church and Panter,

2

dismissing plaintiff's claim against these defendants without prejudice. The court also dismissed without prejudice plaintiff's claims against defendants Jasper and Henderson on the grounds that they arose out of the events of August 31, 2009, and that it was clear plaintiff failed to exhaust his administrative remedies.

On February 1, 2012, the Dietician at Central Prison moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(5) for insufficiency of service of process. Alternatively, counsel for the Dietician at Central Prison requests that the court direct plaintiff to provide more identifying information regarding the identity of this party. Plaintiff responded to the motion to dismiss and filed a "Motion to Redirect to an Amended File" (DE # 44), which this court construes as a motion to reconsider its dismissal of Church, Panter, Jasper, and Henderson. There was no response to plaintiff's motion for reconsideration.

## DISCUSSION

A. Motion to Dismiss

 1. Improper Service of Process

The Dietician at Central Prison asserts that he/she should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(5) because plaintiff failed to effectuate proper service of process in accordance with Federal Rule of Civil Procedure 4. Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within one hundred twenty (120) days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a

3

Case 5:10-ct-03037-FL   Document 46   Filed 05/02/12   Page 3 of 7

specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m).

Rule 4(e)(1) permits a plaintiff to serve individual defendants "by following state law for serving a summons . . . in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004); Waller v. Butkovich, 584 F. Supp. 909, 926 (M.D.N.C. 1984). When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was received in accordance with N.C. Gen. Stat. § 1-75.10(a)(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee, North Carolina presumes that "the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

The Dietician at Central Prison has not shown that service was improper. The United States Marshal filed a return of service on the Dietician at Central Prison indicating service on him/her at his/her place of employment via certified mail, return receipt requested. The Dietician at Central

Prison has not presented the "affidavits of more than one person," challenging service. Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; see Moore, 341 F. Supp. 2d at 573. Because the Dietician at Central Prison has not overcome the presumption of valid service under North Carolina law, the court DENIES his/her motion to dismiss without prejudice to the extent that it is based on improper service.

2. Lack of Identifying Information

Typically, the plaintiff must provide the necessary information and documentation to effect service. See, e.g., Puett v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990). However, in the case of service on behalf of a prisoner pursuant to 28 U.S.C. § 1915(d), the statute "specifically vests the responsibility for service with the court and its officers." Jones v. Hashagen, 419 Fed. App'x 141, 145 (3d Cir. 2011) (per curiam); Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003). Thus, under section 1915(d), "the prisoner need furnish no more than the information necessary to identify the defendant." Richardson v. Johnson, 598 F.3d 734, 739–40 (11th Cir. 2010); see Greene v. Holloway, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir. 2000).

Accordingly, the court directs the North Carolina Attorney General to determine whether it can identify, through plaintiff's medical records, the name of the Central Prison Dietician. The North Carolina Attorney General further is directed to respond to this order within twenty-one (21) days, and to either provide a name and address for service on the Central Prison Dietician, under seal if necessary, or to indicate whether it will represent this defendant pursuant to the Defense of State Employees Act, N.C. Gen. Stat. § 143-300.3, and accept service of the complaint on his or her behalf. Based upon the foregoing, the Central Prison Dietician's motion to dismiss is DENIED without prejudice.

5

B.   Plaintiff's Motion for Reconsideration

Plaintiff filed a motion seeking reconsideration of this court's January 4, 2012, dismissal of Church, Panter, Jasper, and Henderson from this action. These defendants have not responded to plaintiff's motion. Accordingly, the court allows Church, Panter, Jasper, and Henderson twenty-one (21) days to respond to plaintiff's motion for reconsideration.

C.   Failure to Obtain Service on Morrison

The court has made every effort to aid plaintiff in accomplishing service on Morrison. On January 5, 2012, the court ordered the United States Marshal to make service on behalf of plaintiff. After, plaintiff's initial attempt at service was unsuccessful, the court ordered the North Carolina Attorney General to provide Morrison's current address. The North Carolina Attorney General responded and informed the court that "there were no employees with the surname 'Morrison' employed at Central Prison during the time periods set out in Plaintiff's Complaint, namely August 2009 and the several months thereafter." (DE # 45, p. 1.) The court has no other method of ascertaining an address for Morrison. Because plaintiff has been unable to perfect service on Morrison within the one hundred twenty (120) day time period required by Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff's claim against him is dismissed without prejudice. See Price v. Sanders, 2009 WL 2157687, 339 F. App'x 339 (July 20, 2009).

In summary, the Dietician at Central Prison's motion to dismiss (DE # 38) is DENIED without prejudice. The North Carolina Attorney General further is DIRECTED to respond to this order, as directed above, within twenty-one (21) days. Plaintiff's complaint against Morrison is DISMISSED without prejudice for failing to comply with Rule 4(m). Finally, Church, Panter, Jasper, and Henderson are DIRECTED to respond to plaintiff's motion for reconsideration (DE # 44)

within twenty-one (21) days of this order.

SO ORDERED, this the 30th day of April, 2012.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge