IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3037-FL

| | |
|---|---|
| ERIC M. MCMILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA CENTRAL ) | |
| PRISON; J.D. CHURCH; LIEUTENANT ) | |
| PANTER; SERGEANT JASPER; ) | |
| OFFICER HENDERSON; OFFICER ) | |
| MORRISON; AND M. PATRICE ) | |
| CARR, THE DIETICIAN AT CENTRAL ) | |
| PRISON, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on the motion for summary judgment (DE # 57) pursuant to Federal Rule of Civil Procedure 56 filed by M. Patrice Carr ("Carr"), a Clinical Dietician employed by the North Carolina Department of Public Safety ("DPS"). Plaintiff responded to Carr's motion. Also before the court is plaintiff's "motion to redirect to a defendant's memorandum of law in support of motion for partial judgment on the pleadings" (DE # 55), which this court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b), as well as, plaintiff's motion to amend (DE # 62) and motion for a continuance (DE # 62). Carr did not respond to plaintiff's motions. However, Church and Panter responded to plaintiff's motion for reconsideration. In this posture, the matters are ripe for adjudication. For the following reasons, the

court denies as futile plaintiff's motion to amend and grants Carr's motion for summary judgment. The court also denies plaintiff's motion for a continuance and motion to reconsider.

## STATEMENT OF THE CASE

The court here incorporates the below portion of the statement of the case as set forth in its September 7, 2012, order.

> On March 25, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983, and the court subsequently directed him to particularize his complaint. On November 18, 2010, plaintiff submitted his particularized complaint alleging that Defendants J.D. Church ("Church") and Lieutenant Panter ("Panter") violated his rights pursuant to the Eighth Amendment to the United States Constitution when they deprived him of a breakfast tray and used excessive force against him when he complained.[1] Plaintiff additionally alleged Church and Panter violated his rights pursuant to the Eighth Amendment when they provided him with meals that lacked protein and contained insufficient portions. The court subsequently allowed plaintiff to proceed with this action. On March 4, 2011, plaintiff filed a motion to amend his complaint to name Sergeant Jasper ("Jasper") and Officer Henderson ("Henderson") as defendants in this action.
>
> On June 6, 2011, Church and Panter filed a motion for judgment on the pleadings arguing that plaintiff's claim regarding the alleged deprivation of protein sources and insufficient portions failed to state a claim against them pursuant to §1983. Church and Panter also filed a motion for partial summary judgment arguing that plaintiff's remaining claims should be dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff responded to the motion for partial summary judgment, but did not respond to the motion for judgment on the pleadings. On January 4, 2012, the court ruled as follows: (1) granted plaintiff's motion to amend his complaint to add Henderson and Jasper as defendants; (2) granted Church and Panter's motion for judgment on the pleadings as to plaintiff's claim regarding the deprivation of protein sources and appropriate portion sizes; (3) granted Church and Panter's motion for

---

[1] The court notes that plaintiff was allowed to proceed with only the claims set forth in the amended pleading he filed in response to this court's October 13, 2010, order directing him to particularize his complaint. The court did not construe the confusing allegations set forth in his original complaint as part of this action.

2

> partial summary judgment finding that plaintiff failed to properly exhaust his administrative remedies;[2] and (4) dismissed without prejudice plaintiff's claims against defendants Jasper and Henderson for failure to exhaust administrative remedies. The court also determined that plaintiff provided sufficient information to add claims against Officer Morrison and the dietician at Central Prison for insufficient portions and protein sources.[3]
>
> Following the court's January 4, 2012, order, plaintiff submitted two motions in which he seeks reconsideration of the court's dismissal of Church, Panter, Jasper, and Henderson from this action, as well as, discovery. Plaintiff also makes a request for admissions. The matters were fully briefed.

On September 7, 2012, the court entered an order denying plaintiff's request for reconsideration of the court's dismissal of Church, Panter, Jasper, and Henderson, denied plaintiff's request for admissions, and denied plaintiff's motion to compel as premature. The court in that order also set forth a case management order, which included a period of time for the parties to conduct discovery.

On January 9, 2013, Carr filed a motion for summary judgment arguing that plaintiff is not able to establish a constitutional violation. Alternatively, Carr asserts the affirmative defense of qualified immunity. The matter was fully briefed.

Plaintiff subsequently filed a motion for reconsideration, a motion for a continuance, and a motion to amend his complaint. On February 21, 2013, the court entered an order directing Church and Panter to respond to plaintiff's motion for reconsideration. The matter was fully briefed.

---

[2] The action against these defendants was dismissed without prejudice.

[3] On May 2, 2012, the court dismissed plaintiff's claim against Officer Morrison, without prejudice, pursuant to Rule 4. Additionally, the party identified as the Dietician at Central Prison executed a waiver of service on August 23, 2012.

3

## STATEMENT OF FACTS

The undisputed facts are as follows. Plaintiff was admitted to DPS custody on June 29, 2009. Carr Aff. ¶ 8. A nursing assessment conducted on that date reflected that plaintiff weighed one hundred seventy-four and one half (174.5) pounds and that he requested a Lacto-Ovo-Vegetarian diet. Id. and Ex. A. In December 2009, plaintiff expressed complaints of hunger and of a fourteen (14) pound weight loss to Central Prison medical staff. Id. ¶ 9. Due to his complaints, Central Prison medical staff referred plaintiff to Carr for a nutritional assessment. Id.

On December 14, 2009, Carr completed a nutritional assessment for plaintiff. Carr recorded plaintiff's weight at one hundred sixty-four (164) pounds, and his body mass index ("BMI") was recorded at 22.9. Id. ¶ 9 and Ex. B. Carr concluded that plaintiff was within ninety-five percent (95%) of his ideal weight of one hundred seventy-two (172) pounds. Id. ¶ 10 and Ex. B. As part of her assessment, Carr recommended that staff provide plaintiff with a "health supplement'" snack for additional calories to prevent further weight loss. Id. ¶ 10 and Ex. B. Carr's recommendation was approved by Dr. Joseph Lightsey through the DPS's Nutrition Assessment Process. Id.

Carr conducted a second nutritional assessment on January 25, 2010. Id. ¶ 11 and Ex. C. Plaintiff's weight and BMI were unchanged. Id. ¶ 12. Carr recommended that plaintiff's health supplement snack be continued until March 15, 2010. Id. Carr also recommended that plaintiff's weight be monitored weekly. Id. Dr. Lightsey approved Carr's recommendation through the Nutrition Assessment Process. Id.

On February 4, 2010, Carr completed a third nutritional assessment for plaintiff. Id. ¶ 13 and Ex. D. During this assessment, Carr noted that plaintiff's weight decreased to one hundred sixty-one (161) pounds and that his BMI decreased to 22.5. Id. ¶ 14 and Ex. C. Despite the decreases, Carr

4

noted that plaintiff's weight and BMI indicated that plaintiff was at a healthy weight. Id. That said, given plaintiff's weight loss, Carr recommended that plaintiff's diet be changed to include three snacks per day. Id. ¶ 14. Dr. Olushola Metiko approved Carr's recommendation through the Nutrition Assessment Process. Id.

After plaintiff's February 2010, assessment, medical staff continued to monitor and record plaintiff's weight on a weekly basis. Id. ¶ 15 and Ex. E. Plaintiff's weight increased from one hundred sixty-one (161) pounds on February 4, 2010, to one hundred seventy (170) pounds on March 18, 2010. Id. ¶ 16. Plaintiff was released from incarceration on March 24, 2010. Id. ¶ 17.

Plaintiff, in his November 18, 2010, motion to amend, alleged that his weight loss was caused by inadequate portion sizes and protein sources. In particular, plaintiff alleges:

> As records will reflect that [Plaintiff] filed numerous grievances against the facility regarding lack of protein sources and improper portion[s] served by supervised inmate kitchen staff that lead to hi[s] starvation while in solitary confinement. The attachments show the tremendous weight loss suffered by the plaintiff while he was i[n] segregation where recreation is only allotted in full leg and arm restraints where such weight loss cannot be contributed (sic) to excess, regular or even moderate exercise.

Am. Compl. (DE # 6, p. 2.)

## DISCUSSION

A.  Motion to Reconsider

Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties

> and may be revised at any time before the entry of a judgment
> adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Plaintiff seeks reconsideration of the court's January 4, 2012, dismissal of his excessive force claim against Church and Panter for failure to properly exhaust his administrative remedies. In support, plaintiff argues that prison staff interfered with his ability to properly exhaust. Plaintiff previously raised this argument on two prior occasions. Plaintiff first raised the issue in his response to Church and Panter's partial motion for summary judgment. In its January 4, 2012, order, the court considered and rejected plaintiff's argument. In particular, the court noted that plaintiff attempted to comply with the first step of the DPS's three-step administrative remedy procedure ("ARP") by

6

filing a grievance on March 2, 2010, regarding the alleged use of force.[4] Plaintiff's grievance was returned to him unprocessed, and he was informed that the grievance could not be accepted until previously filed grievances completed step two of the grievance procedure. As a result, the court determined that plaintiff did not properly exhaust his excessive force claim because he failed to comply with the DPS's procedural rules which required him to re-submit the grievance.

Plaintiff next raised the unavailability issue in his March 8, 2012, and May 9, 2012, motions for reconsideration. The court in its September 7, 2012, order again rejected plaintiff's argument. Specifically, the court re-iterated its finding that plaintiff's reliance upon the rejected March 2, 2010, grievance was insufficient to establish proper exhaustion. The court likewise rejected plaintiff's argument that an "unsigned grievance," which was unrelated to the alleged excessive force incident, demonstrated that prison officials refused to accept his grievances. Accordingly, each of plaintiff's prior attempts to challenge the availability of the ARP were unsuccessful.

Plaintiff now is before the court once again arguing that the ARP was unavailable to him. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies prior to filing an action under 42 U.S.C. § 1983. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Additionally, a prisoner is not responsible when he follows the proper grievance procedures and prison officials nevertheless mishandle the grievance. See Hill v. O'Brien, 387 F. App'x 396, 400 (4th Cir. July 12, 2010) ("[W]hen prison

---

[4] The court notes that in its January 4, 2012, order, it erroneously cited grievance No. 3100-10-0406 at (DE # 24, attach. 24) as the March 2, 2010, returned grievance. However, the grievance number and citation are incorrect. The correct citation for the March 2, 2010 grievance is (DE # 24, attach. p. 36.)

7

officials prevent inmates from using the administrative process . . . ., the process that exists on paper becomes unavailable in reality.") (quotation and citations omitted)); Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) ("[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (citations omitted)). Plaintiff bears the burden of establishing that an administrative remedy was unavailable. Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) (citation omitted).

The United States Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548 U.S. at 84. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 90. "[A] prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." See Moore, 517 F.3d at 725 (citing Woodford, 548 U.S. at 95); Patterson v. Myers, No. 8:10-CV-2955-DCN-JDA, 2012 WL 768038, *7 (D.S.C. Feb. 17, 2012).

Plaintiff's claim that the ARP was unavailable to him rests upon his assertion that prison officials thwarted his efforts to file grievances on January 27, 2010, and March 2, 2010. As stated, the record reflects that plaintiff's March 2, 2010, grievance was rejected and returned to him unprocessed to allow a previously filed grievance to complete step two of the ARP. Plaintiff in fact acknowledges that he received notification of the DPS's reason for rejecting his March 2, 2010, grievance. (DE # 24, p. 1.) Further, the subject matter of plaintiff's March 2, 2010, grievance does not involve Church and Panters' alleged use of force on August 31, 2009, but instead involves an alleged use of force incident by other officers. (DE # 24, attach. p. 36.)

8

As for plaintiff's January 27, 2010, grievance, plaintiff has not provided the court with a copy of the alleged grievance, and Church and Panter dispute its existence. However, regardless of whether the grievance exists, Church and Panter have presented evidence that such a grievance would have been rejected and returned to plaintiff unprocessed for the same reason as plaintiff's March 2, 2010, grievance because a previously filed grievance had not completed step two of the ARP when plaintiff allegedly filed his January 27, 2010, grievance. (DE # 65, Ex. A.)[5] Plaintiff has not presented any evidence to support a contrary finding.[6] Rather, his unsubstantiated and conclusory allegations that his grievances were not accepted by staff, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, are insufficient to refute defendants' arguments in support of their exhaustion defense. Cf. Hill v. Haynes, 380 F. App'x 268, *4-5 (4th Cir. June 2, 2010) (finding genuine issues of material fact where plaintiff provided specific and detailed allegations regarding defendants' hindering his ability to exhaust); see Goodwin v. Beasley, No. 1:09-CV-151, 2011 WL 835937, at *3 (M.D.N.C. Mar. 3, 2011); Payne v. Edwards, No. 9:07-3900-TLW-BM, 2008 WL 5146627, at * 7 (D.S.C. Dec. 8, 2008). Accordingly, the court finds its original dismissal of Church and Panter is appropriate, and DENIES plaintiff's motion for reconsideration.

---

[5] The court notes that grievance number 3100-10-00011 was filed on January 1, 2010, and did not complete step two of the ARP until February 4, 2010. Id. Accordingly, any grievance plaintiff filed on January 27, 2010, would have been returned to plaintiff because grievance number 3100-10-00011 would not have completed step two of the ARP at that time.

[6] The court notes that plaintiff's contention that he raised his excessive force claim with the Federal Bureau of Investigation ("FBI") is insufficient to establish exhaustion of administrative remedies because filing a complaint with the FBI is not part of the DPS's ARP.

9

B.  Motion to Amend

Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Plaintiff's motion to amend is unclear. It appears that he seeks reinstatement of his Eighth Amendment excessive force claim against Church and Panter. As stated supra, the court finds that the dismissal of these defendants is appropriate. Accordingly, the court DENIES as futile plaintiff's request to amend his complaint to re-allege an excessive force claim against Church and Panter.[7]

C.  Motion for Continuance

Plaintiff requests a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)).[8] "As a general rule, summary judgment is appropriate only after adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time

---

[7] Plaintiff suggests that the court's dismissal of Church and Panter precludes him from filing a future action against these defendants raising his excessive force claim. Plaintiff, however, is mistaken. The court dismissed plaintiff's excessive force claim against Church and Panter pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies prior to bringing the instant case. This claim was dismissed without prejudice to allow plaintiff the opportunity to properly exhaust it. Nothing precludes plaintiff from re-filing this action after completing the exhaustion process in accordance with § 1997e(a).

[8] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) previously was codified as Rule 56(f). See Fed.R.Civ.P. 56, advisory committee's note ("The standard for granting summary judgment remains unchanged . . . Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).")

10

> to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) allows a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted). However, "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." Young v. UPS, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011), aff'd, 2011 WL 665321 (4th Cir. Jan. 9, 2013). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be essential to [the] opposition." Scott v. Nuvell Fin. Servs., 2011 WL 2222307, *4 (D. Md. June 7, 2011) (quotation and citation omitted). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995).

Here, plaintiff does not allege that he propounded discovery requests upon Carr. Nor has plaintiff alleged that there are any particular discovery materials he needs in order to respond to Carr's motion for summary judgment. Accordingly, plaintiff has failed to show that discovery would develop evidence crucial to material issues before the court. Thus, plaintiff's motion for a continuance to conduct discovery pursuant to Rule 56(d), and his motion to compel are DENIED.

11

D.  Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   2.  Analysis

Plaintiff alleges Carr acted with deliberate indifference to his alleged dietary needs in that Carr ignored the fact that plaintiff received inadequate protein sources and portions. Carr asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

12

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 555 U.S. at 242.

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'"–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" See Strickler, 989 F.2d at 1379 (quotations omitted).

Assuming, without deciding, that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, the court focuses on the second prong of the Eighth Amendment test–whether Carr acted with deliberate indifference to plaintiff's dietary needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v.

13

Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

It is well-settled that inmates have a right to "nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (internal quotation marks and citations omitted). However, the United States Constitution does not guarantee food that is prepared and served in a culinarily pleasing manner. See Harrison v. Moketa, Motycka, 485 F. Supp. 2d 652, 656 (D.S.C. Feb. 15, 2007) (citation omitted), aff'd 235 F. App'x 127 (4th Cir. Aug. 8, 2007); Mayo v. Thompson, No. 85CV437, 1986 WL 8412, at *1 (E.D. Va. 1986) (alleged deficiencies in inmate food quality, such as rotten and spoiled food, do not normally amount to a constitutional infringement of rights absent a showing of illness and certainly would not amount to a violation of the Eighth Amendment as such deficiencies fall far short of being "subhuman" conditions that would "shock the conscience."); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994); La Maire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

Applying these principles, the court finds that plaintiff has not established an Eighth Amendment violation. Although plaintiff experienced a weight loss of approximately fourteen (14) to seventeen (17) pounds[9] in the six months he was confined at Central Prison, the evidence in the record reflects that Carr did not act with deliberate indifference to plaintiff's diet and health

---

[9] The discrepancy in plaintiff's weight loss is due to a reference on the December, January, and February nutritional assessments that, at some point in June 2009, plaintiff's weight was reported to be one hundred seventy-eight (178) pounds. Carr Aff. ¶¶ 9-14 and Exs. B-D. The court finds that the discrepancy of three pounds does not materially affect its analysis of plaintiff's Eighth Amendment claim.

14

concerns. Rather, the record reflects that Carr monitored plaintiff's weight on a monthly basis and responded to plaintiff's weight loss by recommending that plaintiff's diet be supplemented with snacks. Carr repeatedly noted that plaintiff's weight was within normal limits. Finally, due to Carr's recommendations, plaintiff's weight increased from one hundred sixty-one (161) pounds to one hundred seventy (170) pounds just prior to his release. Finally, plaintiff has provided no evidence that Carr's actions in monitoring his diet were malicious, sadistic, or for the sole purpose of causing harm.

To the extent plaintiff complains about the subjective quality of the food provided pursuant to the Lacto-Ovo-Vegetarian meal plan at Central Prison, such complaints are not sufficient to state an Eighth Amendment claim. Escalante v. Huffman, No. 7:10CV00211, 2011 WL 3107751, at *9 (W.D. Va. July 26, 2011) ("Mere dissatisfaction with the variety, portion size or savor of his prison diet is not sufficient to state a claim.") (citing Hamm v. Dekalb Cnty, 774 F.2d 1567, 1575 (11th Cir. 1985)). Additionally, the record reflects that plaintiff's weight loss was due, in part, to his loss of appetite caused by his displeasure with the repetitive nature of the food served for the Lacto-Ovo-Vegetarian diet at Central Prison. See (DE # 32, p. 1.) Moreover, the record reflects that plaintiff often was provided an alternative meal in response to his meal complaints. See (DE # 24, p. 19.) Finally, the record reflects that Carr was not responsible for supervising the Central Prison kitchen staff. Carr Aff. (DE # 63) ¶ 3. Based upon the foregoing, plaintiff again has failed to establish that Carr acted with deliberate indifference, and she is entitled to qualified immunity.

Finally, the court addresses plaintiff's complaint that the protein sources for the Lacto-Ovo-Vegetarian diet at Central Prison were inadequate. First, the evidence in the records reflects that Carr's duties do not include the development of menus at Central Prison. Carr Aff. ¶ 6. Rather, the

15

menus are developed by the Chief of Food and Nutrition Management, and are analyzed for nutritional adequacy using the Food Services Management System software. Id. ¶ 7. Second, plaintiff presents no factual allegations or evidence to support his conclusory allegation of inadequate protein sources. Based upon the foregoing, plaintiff has failed to establish a constitutional violation for this claim. Because plaintiff has failed to establish an Eighth Amendment violation, Carr is entitled to qualified immunity.

E.   New Claims

Plaintiff appears to raise new claims in the many pleadings he filed subsequent to Carr's motion for summary judgment. Plaintiff, however, has not requested leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to include any new claim. Because plaintiff has not moved this court to amend his complaint pursuant to Rule 15(a) to include any new claims, the new claims are not properly before the court, and are DISMISSED without prejudice. See United States v. Jones, 842 F.2d 1293, at *1 (4th Cir. Mar. 9, 1988); Crump v. N.C. Dep't of Corr, No. 3:05CV325-02-MU, 2009 WL 2738459, at * 5 (W.D.N.C. Aug. 26, 2009).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (DE # 62) is DENIED as futile, and his motion for a continuance (DE # 62) and motion for reconsideration (DE # 55) are DENIED.

Carr's motion for summary judgment (DE # 57) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 19th day of March, 2013.

LOUISE W. FLANAGAN  
United States District Judge